IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **QAMAR TINSLEY**<br><br>v.<br><br>**OFFICER JOHN MOUZON &<br>CITY OF PHILADELPHIA** | **CIVIL ACTION**<br><br>**NO. 20-1060** |

**MEMORANDUM RE: SUMMARY JUDGMENT**

**Baylson, J.**                                                                                                                **October 12, 2021**

**I.      Introduction**

  This action arises out of the arrest and detention of Plaintiff Qamar Tinsley for his alleged involvement in a crack cocaine conspiracy. Before the Court is Defendant Mouzon's Motion for Summary Judgment (ECF No. 12). Viewing the evidence—which consists solely of Defendant's unsworn police report—in the light most favorable to the nonmoving party, there remains a genuine dispute of material facts that would prevent resolution of the claims at the summary judgment stage. Accordingly, the Court will deny the motion for summary judgment as to all claims and order discovery to be conducted.

**II.     Factual and Procedural History**

  This case began on February 25, 2020 with Plaintiff Qamar Tinsley filing a Complaint against Defendant Officer Mouzon and the City of Philadelphia. Plaintiff alleges that on the morning of August 25, 2019, Plaintiff was arrested by Pennsylvania State Bureau Narcotics Agent Chaves under the direction of investigating Philadelphia Police Officer Mouzon for an alleged engagement in criminal conspiracy to sell crack cocaine. Compl. ¶ 9. Plaintiff alleges that at the time of his arrest, Plaintiff was not in possession of any illegal narcotics with the intent to sell, did

not hand out or receive any prerecorded buy money from Officer Mouzon or others, and never interacted with Officer Mouzon or the other arrestee in the manner described in the investigating police report. Compl. ¶ 8. Plaintiff further alleges that Defendant Mouzon lacked probable cause for his arrest because he was not engaging in any illegal activity at the date and time of his arrest and detention. Compl. ¶ 11.

Plaintiff initiated this action for money damages pursuant to 42 U.S.C. § 1983 after Plaintiff's criminal case was dismissed at preliminary hearing. Plaintiff asserts claims against Police Officer Mouzon for malicious prosecution (Count I), false arrest and imprisonment (Count II), assault and battery (Count III), and failure to intervene (Count IV). Plaintiff also asserted a Monell claim against the City of Philadelphia but has since agreed to dismiss this claim. The Court held oral argument on October 5, 2021.

### III. Parties Contentions

The Court sets forth the events giving rise to this action in light of its obligation under Fed.R.Civ.P. 56 to consider the facts in the light most favorable to Plaintiff.

**A. Defendant's Contentions**

Defendant's motion for summary judgment rests on two main arguments: (1) Defendant Mouzon was not personally involved in the arrest, and therefore cannot be held liable for the constitutional harms which Plaintiff alleges; and (2) probable cause existed for Plaintiff's arrest due to the cash and marijuana discovered on Plaintiff's person, so Plaintiff's claims of false arrest, false imprisonment, and malicious prosecution cannot proceed to trial. However, Defendant has failed to submit any sworn affidavits or witness testimony to establish relevant material facts for either of these underlying arguments.

Federal Rule of Civil Procedure 56(c)(1)(A) provides that a party asserting that a fact cannot be genuinely disputed must support that assertion with an affidavit or declaration. Defendant provides no evidence for the Court to consider aside from an unsworn investigating police report authored by Defendant himself.  According to this report, Plaintiff's arrest was the result of a narcotics investigation conducted by Defendant Mouzon and arresting officer BNI Agent Chaves. In his investigating report, Defendant Mouzon details the following sequence of events: (1) Defendant Mouzon had a brief drug-related conversation with Plaintiff, (2) Plaintiff walked across the street to a man with whom he had a brief conversation, (3) Plaintiff "directed" Defendant Mouzon over to the man across the street, and (4) Plaintiff "was looking up and down" the street while Defendant Mouzon used prerecorded buy money to purchase crack cocaine. ECF No. 12-2 at 1. Defendant Mouzon then called Agent Chaves for back-up, who recovered the marijuana from Plaintiff and arrested him. Id.

### B. Plaintiff's Contentions

Plaintiff disputes the veracity of the investigating report, alleging in his Complaint that the "brief drug-related conversation" between Defendant and Plaintiff did not, in fact, occur.  Pl.'s Mem. of Law (ECF No. 14 at 6).  Moreover, Plaintiff argues that Defendant Mouzon was personally involved in the arrest, performed the investigation, authored the investigating report, and in fact instructed Agent Chaves to arrest Plaintiff. Id. at 5. Plaintiff asserts that Defendant Mouzon was in fact the sole witness to testify at Plaintiff's preliminary hearing, yet neither party has supplied this testimony.

Plaintiff also avers that Defendant Mouzon lacked probable cause to arrest him. Id. Plaintiff has also not produced evidence to establish any material facts. However, Plaintiff who is

not under an obligation to introduce evidence in the absence of Defendant presenting any evidence.

**Legal Standards**

### A. Jurisdiction

The Court has federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff alleges causes of action pursuant to 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. The Court also has supplemental jurisdiction over Plaintiff's related state constitutional claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b).

### B. Standard of Review

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

Where the nonmoving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by showing the district court "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The party opposing summary judgment must rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. The district court may grant summary judgment "[i]f the evidence is merely colorable, or is not significantly probative." Anderson, 477 U.S. at 249 (internal citations omitted). Under Rule 56, the Court must view the evidence in the light most

favorable to the nonmoving party and draw all justifiable inferences in favor of the nonmovant. Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)).

### IV. Discussion

Reading this sequence of events in the light most favorable to the non-moving party, there remains a genuine issue of material fact as to whether Defendant Mouzon (1) played a role in Plaintiff's arrest, and (2) whether probable cause existed for that arrest. Defendant Mouzon cites to the Investigating Report as evidence for both propositions, yet Officer Mouzon himself wrote the unsworn Investigation Report and Plaintiff vigorously contests its assertions.

The Third Circuit has determined that "a government official's liability for causing an arrest is the same as for carrying it out." Berg v. Cty. of Allegheny, 219 F.3d 261, 271–72 (3d Cir. 2000). As the Supreme Court has explained, § 1983 anticipates that an individual will be "responsible for the natural consequences of his actions." Malley v. Briggs, 475 U.S. 335, 344 n. 7 (1986) (holding that a police officer who obtains an arrest warrant without probable cause is liable under § 1983 even though another officer made the actual arrest). It is thus clear that § 1983 liability for an unlawful arrest can extend beyond the arresting officer to other officials whose actions set the arresting officer in motion. Berg v. Cty. of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000). Because the Investigation Report makes plain that Defendant Mouzon's intentional actions set the arrest of Plaintiff in motion, Defendant's first argument that he did not play a pivotal role in Plaintiff's arrest is unavailing.

Defendant Mouzon also argues that he is entitled to summary judgment because he had probable cause to arrest Plaintiff. Lack of probable cause is an essential element for each of Plaintiff's Fourth Amendment claims. See James v. City of Wilkes–Barre, 700 F.3d 675, 680, 683 (3d Cir.2012) (lack of probable cause is an element of a Fourth Amendment false arrest claim);

5

Johnson v. Knorr, 477 F.3d 75, 81–82 (3d Cir.2007) (lack of probable cause is an element of a Fourth Amendment malicious prosecution claim); Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir.1995) (lack of probable cause is an element of a Fourth Amendment false imprisonment claim based on detention pursuant to an unlawful arrest). Defendant Mouzon argues that probable cause existed for Plaintiff's arrest because the investigating report clearly states that Agent Chaves located cash and 2 grams of marijuana on Plaintiff's person. ECF No. 12 at 8.

"Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000) (quoting Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995). A district court may conclude that probable cause exists as a matter of law and may enter summary judgment "if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788-89 (3d Cir.2000) (internal quotation marks omitted).

Viewing the evidence in the light most favorable to Plaintiff, there remains a general issue of material fact surrounding whether probable cause existed for Plaintiff's arrest. Probable cause exists if there is a "fair probability" that the person committed the crime at issue. Wilson v. Russo, 212 F.3d 781, 789–90 (3d Cir. 2000). As it stands, an unsworn investigating report authored by Defendant does not in and of itself resolve all issues as to whether probable cause existed for Plaintiff's arrest. "Generally, the question of probable cause in a § 1983 damage suit is one for the jury." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir.2000) (citations and internal quotation marks omitted). This is particularly the case "where the probable cause determination rests on credibility conflicts," Id.

6

## V. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is denied  The Court will allow for any dispositive motions to be refiled after both parties have the opportunity to conduct discovery, depose key witnesses, and develop a factual record sufficient for this Court to properly rule.

O:\Kelly Jo 2021\Cases\20-cv-1060 Tinsley v. Mouzon\Tinsley v. Mouzon 20-1060 Draft SJ memo.docx